QUARLES & BRADY LLP
Michael J. Curley (Bar No. 25972)
One South Church Avenue, Suite 1800
Tucson, AZ 85701
Tel.: (520) 770-8700
michael.curley@quarles.com

Dawn M. David (*pro hac vice forthcoming*)
dawn.david@quarles.com

*Attorneys for Plaintiff Handwrytten, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Handwrytten, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Simply Noted LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Handwrytten, Inc. ("Plaintiff" or "Handwrytten"), by and through its undersigned counsel, brings this action for patent infringement under 35 U.S.C. § 271(a) against Simply Noted LLC ("Defendant" or "Simply Noted"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §§ 101 *et seq.*, including infringement under 35 U.S.C. § 271(a). By this action, Plaintiff seeks to prevent Defendant from infringing Plaintiff's patent rights and unfairly benefiting from Plaintiff's pioneering innovations in robotic handwriting technology.

2. Plaintiff seeks monetary damages and equitable relief in the form of an injunction both preliminarily and permanently enjoining Defendant from directly infringing Plaintiff's U.S. Patent Nos. 11,052,693 (the "'693 Patent"), 11,260,686 (the "'686 Patent"), 11,926,167 (the "'167 Patent"), and 11,964,497 (the "'497 Patent") (collectively, the "Asserted Patents") and damages, expenses, and attorneys' fees arising from Defendant's willful infringement of the Asserted Patents.

## THE PARTIES

3. Plaintiff, Handwrytten, Inc. ("Plaintiff" or "Handwrytten") is a Delaware corporation with its principal place of business at 9280 S. Kyrene Rd., Suite 134, Tempe, AZ 85284, and is the owner of all rights asserted in this action. Handwrytten is a pioneer in robotic handwriting and invested in robotics and developed custom-designed handwriting robots that hold real pens and ink to produce authentic handwritten notes at scale. Handwrytten has developed, fabricated, and built its robotic handwriting technology in-house, including its paper-feed, conveyor, writing-arm, and quality-control systems. Handwrytten operates over 200 custom-designed handwriting robots, each capable of

autonomously writing hundreds of notes per day, and has sent more than 16 million handwritten notes to date.

4. Handwrytten practices the inventions claimed in the Asserted Patents in its commercial operations. Its handwritten-note services use its patented mechanical handwriting systems, including systems with conveyor belts, plotting pens, controlled downward force, paper-feeding and position-detection systems, graphic-code scanning, and image-based quality-control processes. *See,* **Exhibit 10**, Handwrytten website, https://www.handwrytten.com/about/robots/.



5. On information and belief, Defendant Simply Noted LLC is a limited liability company organized under the laws of the State of Arizona, with its principal place of business at 8222 S 48th St, Suite 167, Phoenix, AZ 85044. Simply Noted was founded in 2018 by Rick Elmore, a former professional athlete and University of Arizona MBA graduate. Simply Noted operates a competing handwritten notes service using over 220 handwriting robots and advertises its services at simplynoted.com.



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*.

7. This Court has personal jurisdiction over Defendant because, among other reasons and upon information and belief, Defendant Simply Noted LLC is organized under the laws of the State of Arizona and maintains its principal place of business at 8222 S 48th St, Suite 167, Phoenix, AZ 85044, which is within this District. Defendant has committed acts of patent infringement in this District, including making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods, as defined below, in or into this District. Defendant conducts substantial, systemic, and continuous business activities within this District, has purposefully availed itself of the privilege of doing business in the State of Arizona, and has purposefully directed its infringing activities at the State of Arizona and throughout the United States.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and/or 1400(b) because Defendant maintains its principal place of business in this District and is organized under the laws of the State of Arizona, and because Defendant has committed acts of infringement in this District, including making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods in or into this District. Upon information and belief, a substantial part of the events giving rise to Plaintiff's patent infringement claims occurred in this District.

## FACTS AND BACKGROUND

### A. Plaintiff's Intellectual Property Rights

9. Plaintiff is the owner of all right, title, and interest in and to each of the Asserted Patents. True and correct copies of the Asserted Patents are attached as **Exhibits 1-4**.



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

10. The ’693 Patent, entitled “Mechanical Handwriting Apparatus and Method of Use Thereof,” was duly and legally issued by the United States Patent and Trademark Office on July 6, 2021. The named inventors are David Wachs and Roxanne E. Abul-Haj. The ’693 Patent claims, among other things, a method for using a machine to produce a handwritten appearance using a conveyor belt with a deformable surface backing paper, a plotting pen with downward force of 0.5 to 40 ounces, and generating an indentation trail on the marking surface. *See* Ex. 1.

11. The ’686 Patent, entitled “Mechanical Handwriting Apparatus and Method of Use Thereof,” was duly and legally issued by the United States Patent and Trademark Office on March 1, 2022. The named inventors are David Wachs and Roxanne E. Abul-Haj. The ’686 Patent is a divisional of the ’693 Patent and claims, among other things, an apparatus for producing a handwritten appearance including a conveyor belt with a deformable surface, a plotter with a pen, and means for applying downward force of 2 to 10 ounces generating an indentation trail. *See* Ex. 2.

12. The ’167 Patent, entitled “Mechanical Handwriting Control Apparatus and Method of Use Thereof,” was duly and legally issued by the United States Patent and Trademark Office on March 12, 2024. The named inventor is David Wachs. The ’167 Patent claims, among other things, a method for a machine to produce a handwritten appearance using a conveyor belt, a plotting pen with 0.5 to 40 ounce downward force, and a paper feeder system with a paper position detection system. *See* Ex. 3.

13. The ’497 Patent, entitled “Mechanical Handwriting Quality Control Method,” was duly and legally issued by the United States Patent and Trademark Office on April 23, 2024. The named inventor is David Wachs. The ’497 Patent claims, among other things, a method for processing machine-produced handwritten documents including receiving a print job, generating a reference image, machine plotting with downward force to create an indentation trail, digital imaging of the result, and quality control comparison



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

of the reference image versus the actual image. *See* Ex. 4.

14. The Asserted Patents were and are valid and enforceable at all times relevant to this action and are entitled to a presumption of validity under 35 U.S.C. § 282.

15. The Asserted Patents collectively cover Handwrytten's proprietary mechanical handwriting systems and methods.

**B. Defendant's Infringing Conduct**

16. On information and belief, Defendant Simply Noted operates over 220 mechanical handwriting systems and uses those systems to produce handwritten notes and correspondence for commercial customers (collectively, the "Accused Systems and Methods"). In doing so, Simply Noted practices the systems and methods claimed in the Asserted Patents. As part of its marketing to sell products and services to customers, in direct competition with Plaintiff, Simply Noted publicly displays and advertises use of the Accused Systems and Methods on its website, simplynoted.com, and through numerous promotional videos, touting features that directly correspond to the inventions claimed in the Asserted Patents.

17. For example, as shown in more detail in the claim charts attached as **Exhibits 5-8**, the Accused Systems and Methods include: (a) conveyor belt systems with deformable surfaces backing the paper; (b) plotters comprising pens that apply downward force to create indentation trails on the paper emulating authentic handwriting; (c) paper feeder systems for automated paper loading and positioning; (d) scanning systems for quality control, tracking, and verification; (e) imaging systems for comparing reference content against actual handwritten output; and (f) support for bulk, personalized handwritten note production.

18. Simply Noted publicly advertises these features, including for example by promoting that its robots use "real pens" that produce authentic handwriting with visible indentation, use conveyor systems for paper handling, and employ scanning technology for



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

tracking and quality control. Simply Noted also promotes that it has sent over 10 million handwritten notes using the Accused Systems and Methods.

19. Evidence of the Accused Systems and Methods is publicly available, including for example through videos titled "220 Robots Write Your Mail Automatically," "LinkedIn Demo Video," "Handwritten Thank You Cards," and "Real Handwritten Envelopes," as well as through Simply Noted's website at simplynoted.com, all of which depict and describe the Accused Systems and Methods. A screenshot from Simply Noted's website is shown below, which can also be seen at **Exhibit 9**.




20. Detailed claim charts comparing representative claims of each of the Asserted Patents to the Accused Systems and Methods are attached as Exs. 5-8. These claim charts demonstrate that the Accused Systems and Methods satisfy each and every limitation of at least one claim of each of the Asserted Patents.

21. Simply Noted's making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods constitutes infringement of the Asserted Patents.

22. On or about February 7, 2023, Handwrytten notified Simply Noted through LinkedIn of the Asserted Patents and Simply Noted's infringement of those patents—in response to Simply Noted's public posting of a video entitled "Simply Noted Tech Overview" (LinkedIn activity ID 7028506588910940160), which showcased Simply



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

Noted's handwriting robot technology at the time. Yet Simply Noted is making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods despite that notice.

**COUNT I**

**PATENT INFRINGEMENT (35 U.S.C. § 271) – THE '693 PATENT**

23. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-22 as if separately repeated herein.

24. Plaintiff is the exclusive owner of all rights, title, and interest in and to the '693 Patent, titled "Mechanical Handwriting Apparatus and Method of Use Thereof," duly and legally issued by the United States Patent and Trademark Office on July 6, 2021, including the right to bring this suit for injunctive relief and damages. *See* Ex. 1.

25. The '693 Patent is valid and enforceable.

26. Defendant directly infringes, whether literally or under the doctrine of equivalents, one or more claims of the '693 Patent, including at least representative claim 1 of the '693 Patent, by making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods in violation of 35 U.S.C. § 271(a).

27. The Accused Systems and Methods satisfy all claim limitations of at least one claim of the '693 Patent. *See* Ex. 5 (comparing representative claims of the '693 Patent to the Accused Systems and Methods). This showing of infringement is based on publicly available information, and Plaintiff reserves the right to identify additional infringing activities and products, including, for example, on the basis of information obtained during discovery.

28. By making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods, Defendant has injured and irreparably harmed Plaintiff and is liable for direct infringement of the '693 Patent pursuant to 35 U.S.C. § 271(a).



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

29. Defendant has had actual knowledge of the Asserted Patents and that the Accused Systems and Methods infringe the ’693 Patent since at least on or around February 7, 2023, when Handwrytten provided notice of the Asserted Patents and Defendant’s infringement through LinkedIn.

30. Defendant has profited from its infringement of the ’693 Patent.

31. Defendant is not licensed or otherwise authorized by Plaintiff to practice the claims of the ’693 Patent.

32. As a direct and proximate cause of Defendant’s infringing activities, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be proven at trial. Plaintiff is entitled to monetary judgment pursuant to 35 U.S.C. §§ 154(d) and 284 in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant’s infringing activities are immediately enjoined.

33. Defendant’s making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods constitutes willful infringement entitling Plaintiff to treble damages under 35 U.S.C. § 284.

34. Defendant’s continuing acts of direct infringement have caused and will continue to cause Plaintiff irreparable harm, for which Plaintiff has no adequate remedy at law, unless Defendant’s infringing activities are enjoined by the Court under 35 U.S.C. § 283. The hardships that an injunction would impose are less than those faced by Plaintiff should an injunction not issue. The public interest would be served by issuance of an injunction.

35. Defendant’s infringement of the ’693 Patent is exceptional and entitles Plaintiff to attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

**<u>COUNT II</u>**

**PATENT INFRINGEMENT (35 U.S.C. § 271) – THE ’686 PATENT**

36. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-22 as if separately repeated herein.

37. Plaintiff is the exclusive owner of all rights, title, and interest in and to the ’686 Patent, titled “Mechanical Handwriting Apparatus and Method of Use Thereof,” duly and legally issued by the United States Patent and Trademark Office on March 1, 2022, including the right to bring this suit for injunctive relief and damages. *See* Ex. 2.

38. The ’686 Patent is valid and enforceable.

39. Defendant directly infringes, whether literally or under the doctrine of equivalents, one or more claims of the ’686 Patent, including at least representative claim 1 of the ’686 Patent, by making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods in violation of 35 U.S.C. § 271(a).

40. The Accused Systems and Methods satisfy all claim limitations of at least one claim of the ’686 Patent. *See* Ex. 6 (comparing representative claims of the ’686 Patent to the Accused Systems and Methods). This showing of infringement is based on publicly available information, and Plaintiff reserves the right to identify additional infringing activities and products, including, for example, on the basis of information obtained during discovery.

41. By making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods, Defendant has injured and irreparably harmed Plaintiff and is liable for direct infringement of the ’686 Patent pursuant to 35 U.S.C. § 271(a).

42. Defendant has had actual knowledge of the Asserted Patents and that the Accused Systems and Methods infringe the ’686 Patent since at least on or around February



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

7, 2023, when Handwrytten provided notice of the Asserted Patents and Defendant's infringement through LinkedIn.

43. Defendant has profited from its infringement of the '686 Patent.

44. Defendant is not licensed or otherwise authorized by Plaintiff to practice the claims of the '686 Patent.

45. As a direct and proximate cause of Defendant's infringing activities, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be proven at trial. Plaintiff is entitled to monetary judgment pursuant to 35 U.S.C. §§ 154(d) and 284 in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are immediately enjoined.

46. Defendant's making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods constitutes willful infringement entitling Plaintiff to treble damages under 35 U.S.C. § 284.

47. Defendant's continuing acts of direct infringement have caused and will continue to cause Plaintiff irreparable harm, for which Plaintiff has no adequate remedy at law, unless Defendant's infringing activities are enjoined by the Court under 35 U.S.C. § 283. The hardships that an injunction would impose are less than those faced by Plaintiff should an injunction not issue. The public interest would be served by issuance of an injunction.

48. Defendant's infringement of the '686 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

**COUNT III**

**PATENT INFRINGEMENT (35 U.S.C. § 271) – THE ’167 PATENT**

49. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-22 as if separately repeated herein.

50. Plaintiff is the exclusive owner of all rights, title, and interest in and to the ’167 Patent, titled “Mechanical Handwriting Control Apparatus and Method of Use Thereof,” duly and legally issued by the United States Patent and Trademark Office on March 12, 2024, including the right to bring this suit for injunctive relief and damages. *See* Ex. 3.

51. The ’167 Patent is valid and enforceable.

52. Defendant directly infringes, whether literally or under the doctrine of equivalents, one or more claims of the ’167 Patent, including at least representative claim 13 of the ’167 Patent, by making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods in violation of 35 U.S.C. § 271(a).

53. The Accused Systems and Methods satisfy all claim limitations of at least one claim of the ’167 Patent. *See* Ex. 7 (comparing representative claims of the ’167 Patent to the Accused Systems and Methods). This showing of infringement is based on publicly available information, and Plaintiff reserves the right to identify additional infringing activities and products, including, for example, on the basis of information obtained during discovery.

54. By making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods, Defendant has injured and irreparably harmed Plaintiff and is liable for direct infringement of the ’167 Patent pursuant to 35 U.S.C. § 271(a).

55. Defendant has had actual knowledge of the Asserted Patents and that the Accused Systems and Methods infringe the ’167 Patent since at least on or around February



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

7, 2023, when Handwrytten provided notice of the Asserted Patents and Defendant's infringement through LinkedIn.

56. Defendant has profited from its infringement of the '167 Patent.

57. Defendant is not licensed or otherwise authorized by Plaintiff to practice the claims of the '167 Patent.

58. As a direct and proximate cause of Defendant's infringing activities, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be proven at trial. Plaintiff is entitled to monetary judgment pursuant to 35 U.S.C. §§ 154(d) and 284 in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are immediately enjoined.

59. Defendant's making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods constitutes willful infringement entitling Plaintiff to treble damages under 35 U.S.C. § 284.

60. Defendant's continuing acts of direct infringement have caused and will continue to cause Plaintiff irreparable harm, for which Plaintiff has no adequate remedy at law, unless Defendant's infringing activities are enjoined by the Court under 35 U.S.C. § 283. The hardships that an injunction would impose are less than those faced by Plaintiff should an injunction not issue. The public interest would be served by issuance of an injunction.

61. Defendant's infringement of the '167 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

## COUNT IV

## PATENT INFRINGEMENT (35 U.S.C. § 271) – THE ’497 PATENT

62. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-22 as if separately repeated herein.

63. Plaintiff is the exclusive owner of all rights, title, and interest in and to the ’497 Patent, titled “Mechanical Handwriting Quality Control Method,” duly and legally issued by the United States Patent and Trademark Office on April 23, 2024, including the right to bring this suit for injunctive relief and damages. *See* Ex. 4.

64. The ’497 Patent is valid and enforceable.

65. Defendant directly infringes, whether literally or under the doctrine of equivalents, one or more claims of the ’497 Patent, including at least representative claim 1 of the ’497 Patent, by making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods in violation of 35 U.S.C. § 271(a).

66. The Accused Systems and Methods satisfy all claim limitations of at least one claim of the ’497 Patent. *See* Ex. 8 (comparing representative claims of the ’497 Patent to the Accused Systems and Methods). This showing of infringement is based on publicly available information, and Plaintiff reserves the right to identify additional infringing activities and products, including, for example, on the basis of information obtained during discovery.

67. By making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods, Defendant has injured and irreparably harmed Plaintiff and is liable for direct infringement of the ’497 Patent pursuant to 35 U.S.C. § 271(a).

68. Defendant has had actual knowledge of the Asserted Patents and that the Accused Systems and Methods infringe the ’497 Patent since at least on or around February



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

7, 2023, when Handwrytten provided notice of the Asserted Patents and Defendant's infringement through LinkedIn.

69. Defendant has profited from its infringement of the '497 Patent.

70. Defendant is not licensed or otherwise authorized by Plaintiff to practice the claims of the '497 Patent.

71. As a direct and proximate cause of Defendant's infringing activities, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be proven at trial. Plaintiff is entitled to monetary judgment pursuant to 35 U.S.C. §§ 154(d) and 284 in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are immediately enjoined.

72. Defendant's making, using, selling, offering for sale, and/or importing into the United States the Accused Systems and Methods constitutes willful infringement entitling Plaintiff to treble damages under 35 U.S.C. § 284.

73. Defendant's continuing acts of direct infringement have caused and will continue to cause Plaintiff irreparable harm, for which Plaintiff has no adequate remedy at law, unless Defendant's infringing activities are enjoined by the Court under 35 U.S.C. § 283. The hardships that an injunction would impose are less than those faced by Plaintiff should an injunction not issue. The public interest would be served by issuance of an injunction.

74. Defendant's infringement of the '497 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant on the claims set forth above and respectfully requests that this Court:

A. Enter judgment against Defendant finding that Defendant has directly infringed, literally or under the doctrine of equivalents, one or more claims of each of the Asserted Patents;

B. Enter judgment against Defendant finding that Defendant has willfully directly infringed one or more claims of the Asserted Patents;

C. Temporarily, preliminarily, and permanently enjoin Defendant, its affiliates, officers, agents, employees, assigns, representatives, and all persons acting for, with, by, through, under, or in active concert with Defendant from making, using, selling, offering for sale, and/or importing into the United States any products or services that infringe upon the Asserted Patents, including the Accused Systems and Methods;

D. Award Plaintiff all available and legally permissible damages and relief adequate to compensate Plaintiff for Defendant's patent infringement pursuant to 35 U.S.C. § 284 to the full extent permitted, together with prejudgment interest and costs and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285 and all other applicable statutes and rules in common law as may apply;

E. Declare Defendant's patent infringement willful and order an enhancement of damages up to three times during the period of willful infringement pursuant to 35 U.S.C. § 284;

F. Declare this to be an exceptional case under 35 U.S.C. § 285 and award Plaintiff its reasonable attorneys' fees, costs, and expenses incurred in connection with this action under 35 U.S.C. § 285 and all other applicable statutes and rules in common law as may apply;



QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
520-770-8700

G. Award Plaintiff supplemental damages for any post-judgment infringement up until entry of the final judgment, with an accounting as needed, together with prejudgment and post-judgment interest;

H. Award Plaintiff its costs and expenses incurred in bringing and prosecuting this action pursuant to 35 U.S.C. § 284, Rule 54(d) of the Federal Rules of Civil Procedure, and all other applicable statutes and rules in the common law as may apply; and

I. Award Plaintiff any and all other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable by a jury as of right in this action.

Dated: August 14, 2026

QUARLES & BRADY LLP

By: */s/ Michael J. Curley*

Michael J. Curley (Bar No. 25972)
QUARLES & BRADY LLP
One South Church Avenue
Suite 1800
Tucson, AZ 85701
michael.curley@quarles.com
Tel: 520-770-8700

Dawn M. David (*pro hac vice* forthcoming)
QUARLES & BRADY LLP
411 East Wisconsin Ave., Suite 1400
Milwaukee, WI 53202
dawn.david@quarles.com
Tel: 414-277-5000

*Attorneys for Plaintiff Handwrytten LLC*